HARTON v. HOWLEY et al.

(Circuit Court, W. D. Pennsylvania. August 3, 1907.)

No. 20.

1. ABATEMENT AND REVIVAL—PENDENCY OF ANOTHER SUIT—FEDERAL AND STATE COURTS.

The pendency of another action between the same parties for the same cause in a state court is not a bar to an action in a federal court.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 1, Abatement and Revival, § 87.

Pendency of action in state or federal court as ground for abatement of action in the other, see notes to Bunker Hill & Sullivan M. & C. Co. v. Shoshone M. Co., 47 C. C. A. 205; Barnsdall v. Waltemeyer, 73 C. C. A. 521.]

2. COURTS—JURISDICTION OF FEDERAL COURTS—CITIZENSHIP OF PARTY.

Plaintiff had for many years been a resident of a city in Pennsylvania. Some two years before the commencement of suit he became superintendent of a company engaged in drilling oil wells, which required his presence the greater part of the time at the place where the company was at work. A year later, the most of the wells on which it was then engaged being in the vicinity of a town across the river in Ohio, 16 miles from his residence, he established his headquarters there, hiring a room in a hotel, where he stayed through the week. His family, consisting of a wife and son, remained in Pennsylvania, where his wife built a residence, and he usually spent Sundays there. He was in the directory there as a resident, paid taxes there, and voted there when he last voted. Held that, notwithstanding his testimony that he was a resident of Ohio and although he may have intended to remove to the Ohio town, he was in fact still a resident and citizen of Pennsylvania, and could not maintain a suit in a federal court against another citizen of that state.

On Plea to the Jurisdiction.

George C. Bradshaw, for plaintiff.
R. B. Petty and Thomas B. Alcorn, for defendants.

EWING, District Judge. In the bill filed in this case the plaintiff claims to be a citizen of the state of Ohio, and alleges the defendants are citizens of the state of Pennsylvania; and to that bill Frank P. Howley has filed a plea to the jurisdiction, stating therein that the

plaintiff, as well as the defendants, is a citizen and resident of the state of Pennsylvania, and also that another action between the same parties for the same subject-matter had previously been instituted and is still pending, undetermined, in the state courts of Pennsylvania.

This second ground of objection to the jurisdiction of this court may be disposed of, first. It has been repeatedly determined that the pendency of another action between the same parties for the same cause or causes in the state courts is no bar to a similar action in the courts of the United States, as they are regarded as foreign courts for that purpose.

Upon the question of citizenship considerable testimony has been taken, which may be briefly summarized as follows: The plaintiff was born and raised in Beaver county, Pa., and while for a time prior to his marriage he resided in another state, from his marriage in 1889 up to March, 1905, it is admitted his residence was in Beaver, Beaver county, Pa. Up to about the latter date he was engaged in the building and contracting business, but then became interested in the Old Colony Oil Company and the Shawnee Oil Corporation; the former now conducting a contracting business in the line of drilling wells and the latter an oil producing company. Of both these companies the plaintiff is superintendent and manager, and the prosecution of his work for the former company naturally requires him to spend most of his time where their work lies, and for the latter company he has charge of their leases, which embrace territory in western Pennsylvania, eastern Ohio, and West Virginia. Plaintiff's family consists of himself, wife, and one son, now grown and in employment. In March, 1905, he claims to have left Beaver, and resided until the spring of 1906 in the western part of that county, back of East Liverpool, in the neighborhood of Smith's Ferry, and since March, 1906, he alleges that his residence has been East Liverpool, Ohio. He says his work during that period and for some time to come has been and will be in the neighborhood of East Liverpool, within a distance of some six miles, and that that is the most convenient point for him to his business. In East Liverpool he has quarters in a lodging house known as the "Hotel Hollenden," occupying there a room on the third floor, which he uses both for his bedroom and his office. He takes his meals wherever he happens to be. That hotel furnishes no meals. During the time he has been at East Liverpool and in the neighborhood of Smith's Ferry his family has continued to reside in the town of Beaver, where his mother also resides. In the fall of 1905, through negotiations conducted in part by himself, his wife purchased a lot in Beaver and subsequently erected thereon a dwelling house, completing it in the late summer or early fall of 1906, which she and her son have since occupied as their home. There is no disagreement or lack of harmony in the family and no separation of husband and wife. The plaintiff states that he hopes before long to be able to have his family with him in East Liverpool, and that so long ago as last fall he spoke to a real estate dealer in Beaver about trying to sell his wife's property there. He accounts for his wife and son remaining there, by stating that his son is in employment there, or in that neighborhood, and that his wife stays there in order that he may live at home with her, as well as because of their ownership of that property.

The plaintiff's name appears in the local directory of Beaver as a resident of that place, and he is also registered as a voter and assessed for taxation there, both for the years 1906 and 1907, and he admits he voted there in the fall of 1905, the time he was staying near Smith's Ferry. He spends practically all of the week, except Sunday, in and about East Liverpool, and his room there is rented by the month. Sundays he generally spends with his family in Beaver. He has never exercised any of the rights nor borne any of the burdens of citizenship in East Liverpool, admitting that he has not paid any taxes there, and claiming that he has not voted there because the laws of Ohio require two years' residence. He states it is his intention to remain in East Liverpool so long as his business pays him as well as it does now, but admits his position would require him to go any place where the work of the corporations by which he is employed would demand. These corporations have their offices in Beaver, and both the plaintiff and his wife have some interest in one or both of them. The character of the work in which the plaintiff is engaged is such as to make it very uncertain as to where he will be at any particular time in the future, and the probability is that, like all others following similar vocations, he will be going about from place to place, remaining not very long and for no definite time in any one locality. East Liverpool is about 17 miles distant from Beaver, with rail communication, and the plaintiff pays $16 per month for his room at the former place.

The question for determination, then, is whether the plaintiff is a resident of Ohio or Pennsylvania, and under the pleadings in the case the burden of showing that he is not a resident of the former state rests upon the defendant. "To effect a change of citizenship from one state to another there must be an actual removal, an actual change of domicile, with a bona fide intention of abandoning the former place of residence and establishing a new one, and the acts of the party must correspond with such purpose." Kemna v. Brockhaus et al. (C. C.) 5 Fed. 762. "Domicile of origin must be presumed to continue until another sole domicile has been acquired by actual residence, coupled with the intention of abandoning the domicile of origin." Price v. Price, 156 Pa. 617, 27 Atl. 291. Applying these principles to the case in hand, and having regard to the employment of the plaintiff, the situation of his family, and all the facts and circumstances surrounding his and their acts during the past two years, I am impressed with the conviction that his real residence and citizenship are in Pennsylvania, and that his situation is rather that of one who purposes eventually, if family circumstances will permit and his employment so dictates, to change his place of residence permanently, rather than that of one who has already done so.

The conclusion, therefore, is that the plaintiff is a citizen of Pennsylvania, of which state both the defendants are citizens, and that therefore the plea of the defendant Howley must be sustained, and the case dismissed for lack of jurisdiction.